VICTOR EUGENE CLEMONS v. SUE ELLEN CLEMONS MORRIS

No. 7421DC358

(Filed 5 June 1974)

**Divorce and Alimony § 23— reduction of child support — no change in circumstances**

The trial court erred in altering a child support order by reducing the amount of support plaintiff is required to pay where no material change of circumstances was shown, plaintiff's net earnings having increased and the court's finding that plaintiff's expenses for housing will increase when he moves to another state being unsupported by any evidence.

APPEAL by defendant from *Alexander, District Court Judge,* 8 October 1973 Session of District Court held in FORSYTH County.

Defendant appealed from an order reducing the amount plaintiff is required to pay towards the support of a child born to a former marriage of the parties. In an order dated 6 Decem-

State v. Woods

ber 1972, plaintiff was required to pay $400.00 per month for the support of his 8-year-old son. In the order from which defendant appeals, the support was reduced to $60.00 per week.

*No counsel for plaintiff appellee.*

*Wilson and Morrow by John F. Morrow for defendant appellant.*

VAUGHN, Judge.

The court's findings of fact do not support the conclusion that there has been a material change in the circumstances of parties since the entry of the order of 6 December 1972. Plaintiff's net earnings have increased. The court's finding that plaintiff's expenses for housing will increase when he moves to Florida was not supported by any evidence in the record before us.

It may well be, as the court found, that expenses defendant claims for her child are excessive. There was, nevertheless, no change shown in the needs of the child since the entry of the order of 6 December 1972 from which plaintiff could have appealed.

Because no material change of circumstances has been shown, the order must be reversed.

Reversed.

Judges CAMPBELL and MORRIS concur.